UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WANDA BARNES, as Administrator of the
Estate of Kevin Carroll,

                                        Plaintiff,

                                                                9:17-CV-01389

v.
                                                                (LEK/TWD)

COUNTY OF BROOME, et al.,

                                        Defendants.
_____

APPEARANCES:                                OF COUNSEL:

WANDA BARNES
Plaintiff, *pro se*
3105 Amity Pointe Road, Apt. D
Charlotte, NC 28215

BROOME COUNTY ATTORNEY'S OFFICE            JENNIFER L. CHURCH, ESQ.
Attorneys for Defendants County of Broome,  ROBERT G. BEHNKE, ESQ.
David Harder, and Mark Smolinsky
Broome County Office Building
60 Hawley Street
Binghamton, NY 13902

STEINBERG, SYMER & PLATT, LLP              JONATHAN E. SYMER, ESQ.
Attorneys for Defendants Correctional Medical
Care, Inc., CBH Medical, P.C., Emre Umar,
Maria Carpio, and Mahmood Butt
27 Garden Street
Poughkeepsie, NY 12601

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

### REPORT-RECOMMENDATION and ORDER

## I.    INTRODUCTION

This matter is presently before the Court to consider whether it should be dismissed pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute.  For the

reasons that follow, the Court recommends the action be dismissed with prejudice.

## II.    PROCEEDINGS TO DATE

Plaintiff commenced this prisoner civil rights action based upon 42 U.S.C. § 1983, through her

attorney at the time, by the filing of a complaint on December 29, 2017.  (Dkt. No. 1.)  Defendants

County of Broome, David Harder, and Mark Smolinsky (collectively "County Defendants") filed an

answer to the complaint on March 6, 2018.  (Dkt. No. 11.)  Defendants Correctional Medical Care,

Inc., CBH Medical, P.C., Emre Umar, Maria Capro, and Mahmood Butt (collectively "CMC

Defendants") initially filed a motion to dismiss (Dkt. No. 12) and Plaintiff cross-moved to amend her

complaint.  (Dkt. No. 21.)  Thereafter, the Court issued a decision on the pending motions which

permitted Plaintiff to file an amended complaint.  (Dkt. No. 27.)  The County Defendants and CMC

Defendants subsequently filed answers to the amended complaint.  (*See* Dkt. Nos. 28, 29, 31.)  The

Court then issued a Discovery Order (Dkt. No. 37) and discovery ensued.

At a discovery status conference with the Court on January 9, 2020, Plaintiff's counsel at the

time reported that he was having difficulty communicating with Plaintiff.  (Text Minute Entry

1/9/2020.)  Thereafter, the Court permitted Plaintiff's counsel to file a motion to withdraw as counsel

(Dkt. No. 62) which was duly served on Plaintiff on May 1, 2020, and, out of an abundance of caution,

counsel also served it on decedent's father on that date.  (Dkt. No. 65; *see also* Dkt. No. 62-1 at 2.)

Plaintiff was given an opportunity to respond to the motion (Dkt. No. 67), however, no response was

filed by her, nor was any response filed by the CMC Defendants.  The County Defendants filed a

response indicating they did not oppose the motion.  (Dkt. No. 68.)  On May 27, 2020, the Court

granted the motion of Plaintiff's then counsel to withdraw and gave Plaintiff thirty (30) days to notify

the Court of her new attorney or notify the Court that she intended to proceed pro se. (Dkt. No. 69.)
Again out of an abundance of caution, the Court also served decedent's father with the Court's decision
on the motion to withdraw. *Id.* On July 8, 2020, the Court issued a Text Order which provided
Plaintiff with one final opportunity to follow the directives previously issued by the Court (Dkt. No.
69) and to notify the Court of her new attorney or that she was proceeding pro se. (Dkt. No. 70.)
Again, the Court also served that Text Order on decedent's father. *Id.* In both the May 27, 2020, Text
Order and the July 8, 2020, Text Order, the Court advised Plaintiff that failure to follow the Court's
directives would result in a recommendation that the case be dismissed with prejudice for failure to
prosecute and failure to follow Court orders and directives. (Dkt. Nos. 69, 70.)

As of the date of this Report-Recommendation and Order, Plaintiff has failed to respond to the
various orders of the Court, nor has any other attorney appeared on behalf of Plaintiff. Additionally,
Plaintiff has not contacted the Court with any further information and has not provided any indication
that she intends to prosecute this case, nor has she otherwise communicated with the Clerk regarding
this action.

## III.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion,
dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the
procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370
U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and
expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1

(N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1]  Even though Rule 41(b) speaks only of a dismissal on a

motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent

power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d

230, 238-39 (2d Cir. 1980).  It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b)

refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a

district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration

of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether

plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is

likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in

managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether

the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532,

535 (2d Cir. 1996); *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004).

Moreover, although "a decision to dismiss stands a better chance on appeal if the appellate court has

the benefit of the district court's reasoning" on each of the five factors, we do not "require the [district]

court to discuss the factors on the record."  *Id.*

In considering the duration of Plaintiff's failure to prosecute her claims, the Court notes Local

Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months

shall be presumptive evidence of lack of prosecution."  N.D.N.Y.L.R. 41.2(a).  Upon review of the

docket, it appears that Plaintiff has failed to communicate as directed with the Court for over five

---

[1]      The Court will provide pro se Plaintiffs with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

months and there has been no communication with the Court by Plaintiff whatsoever since her former

attorney's motion to withdraw was granted in May of 2020.  (Dkt. Nos. 67, 69.)  Notably, Plaintiff

apparently was not communicating with her former attorney for a period of two years prior to the

attorney moving to withdraw.  (*See* Text Minute Entry 1/9/2020; *see also* Dkt. Nos. 62-1 at 1, 66.)  The

Court also provided Plaintiff with a further opportunity to respond to the Court's directives, but she

still has not made any effort to communicate with the Court.  (Dkt. No. 70.)  Additionally, a review of

the docket shows that none of the Court's mailings sent directly to Plaintiff Wanda Barnes have been

returned as undeliverable.  Despite prodding from the Court, Plaintiff has not followed the Court's

directives after being given opportunities to do so.  Thus, the Court finds the first factor weighs in

favor of dismissal.

      "The Second Circuit requires that the plaintiff receive adequate notice that the case could be

dismissed due to inaction."  *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at

*10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-

81 (2d Cir. 2001)).  Here, Plaintiff failed to contact the Court or file appropriate documents after being

directed to do so by the Court.  (Dkt. Nos. 69, 70.)  Plaintiff has failed to communicate requested

information to the Court regarding this action when explicitly directed to do so and when the Court

also notified Plaintiff that her failure to do so would constitute grounds for a recommendation of

dismissal.  *Id.*; *see also Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at

*10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a

court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a

document explaining the failures and outlining why the action should not be dismissed, this element

has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999));

*Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendants. Defendants have filed answers, engaged in discovery, and participated in Court conferences. Discovery deadlines have been held in abeyance by the Court since January 9, 2020, when Plaintiff's former counsel informed the Court of the difficulties in getting Plaintiff to respond to communications from counsel's office. (Dkt. No. 51.) Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade). Therefore, the third factor also weighs in favor of dismissal.

Under the circumstances, the Court finds the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV.     CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiff to pursue the claims in this action. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, and/or directing Plaintiff to take specific steps to pursue this action, Plaintiff has repeatedly failed to comply and has not provided any information to the Court

concerning any measures taken to continue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the case should be dismissed with prejudice.

**WHEREFORE**, it is hereby respectfully

**RECOMMENDED** that this action be **DISMISSED with prejudice**, for failure to prosecute; and it is further

**ORDERED** that the Clerk provide pro se Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff Wanda Barnes and decedent's father, Kevin Johnson, at the addresses listed in Dkt. No. 65 in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[2]      If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of*

*Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R.

Civ. P. 72.

Dated:  October 22, 2020
        Syracuse, NY


Thérèse Wiley Dancks
United States Magistrate Judge

Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)
**(Cite as: 2005 WL 2205816 (W.D.N.Y.))**

H
Only the Westlaw citation is currently available.

United States District Court,
W.D. New York.
Wattie FOLK, Plaintiff,
v.
P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
Sept. 9, 2005.

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER
SKRETNY, J.

### I. INTRODUCTION

**\*1** Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

### II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)
**(Cite as: 2005 WL 2205816 (W.D.N.Y.))**

Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. *See Bobal v. Rensselaer Polytecnic Inst., 916 F.2d 759, 764 (2d Cir.1990)* ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. *Cf. id. at 764* (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

**\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

### III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute

This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id. at 42-43* ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)
**(Cite as: 2005 WL 2205816 (W.D.N.Y.))**

F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

**\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants'

basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. *Cf. Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at \*2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

2. Notice of Dismissal

**\*4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)
**(Cite as: 2005 WL 2205816 (W.D.N.Y.))**

he failed to respond to the First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. *See Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice." ' *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to pre-

pare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

**\*5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at \*3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)
**(Cite as: 2005 WL 2205816 (W.D.N.Y.))**

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders**

"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery." ' *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

W.D.N.Y.,2005.
Folk v. Rademacher
Not Reported in F.Supp.2d, 2005 WL 2205816 (W.D.N.Y.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Page 1

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)
**(Cite as: 1996 WL 481534 (N.D.N.Y.))**

C

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Millicient FREEMAN, Plaintiff,
v.
Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
Aug. 22, 1996.

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)
**(Cite as: 1996 WL 481534 (N.D.N.Y.))**

Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**\*2** IT IS SO ORDERED.

N.D.N.Y.,1996.
Freeman v. Lundrigan
Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.R.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

United States District Court,
S.D. New York.
John NOLAN, Plaintiff,
v.
PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).
April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

**\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S .D.N.Y. Mar. 3, 2008) ("*Nolan I*"). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

**I. BACKGROUND**

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I.* However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at \*1-4. *Nolan I* also included the following directives:

Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court .... ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at \*3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

In addition, Mr. Flaum is given a limited amount of

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.R.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

time in which to comply with past orders. This means that Mr. Flaum must (1) properly file an answer to the Amended Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

**\*2** *Id.* at \*4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at \*1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I*.** (*See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I,* and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference.[FN1] (*See id.* at 3-4.) Mr. Flaum noted that although he had also

"missed the boat" (*id.* at 8), he sent in payment of the $200.00 sanction on April 7, 2008 and filed the status letter that day (*see id.*), 21 days after the deadline contained in *Nolan I.*[FN2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at \*4.

> FN1. Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr.") at 5-7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case_openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file" the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at \*3. In any event, regardless of the extent of Mr. Piccone's non-compliance with this portion of *Nolan I,* this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

> FN2. A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.R.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

## II. DISCUSSION
### A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed *sua sponte. See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *See Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States* ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

### B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

#### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.R.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

advanced in more than six months. *See Nolan I,* 2008 WL 650387, at *5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. *See Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that *Rule 41* dismissal may be warranted "after merely a matter of months").

### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. *See Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to dismiss the action in *Nolan I,* which stated *three times* that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I,* 2008 WL 650387, at *1-5. In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second ele-

ment weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon,* 186 F.3d at 195 (citing *Lyell Theatre,* 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre,* 682 F.2d at 43. "Although a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at *6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.R.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court has less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.Serv.3d 397
**(Cite as: 2008 WL 1758644 (S.D.N.Y.))**

of $750.00 in order to induce his compliance with future orders. *See Nolan I, 2008 WL 650387 at \*3.* As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with *any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP, No. 03 Civ. 8756(RJH)(RLE), 2005 WL 551996, at \*4 (S.D.N.Y. Mar. 8, 2005)* ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

### III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b).

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

S.D.N.Y.,2008.
Nolan v. Primagency, Inc.
Not Reported in F.Supp.2d, 2008 WL 1758644 (S.D.N.Y.), 70 Fed.Serv.3d 397

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.