UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

WANDA BARNES,
as Administrator of the Estate of
KEVIN CARROLL,

                        Plaintiff,

      -against-                                  9:17-CV-1398 (LEK/TWD)

COUNTY OF BROOME, *et al.*,

                        Defendants.

## <u>DECISION AND ORDER</u>

**I.    INTRODUCTION**

      This action concerns the death of Kevin Carroll while in custody at Broome County Correctional Facility ("BCCF"). Dkt. No. 31 ("Amended Complaint"). He is alleged to have died from complications of the AIDS virus due to grossly negligent medical treatment and denial of care. Id. ¶¶ 16–18, 50.

      On behalf of Carroll's estate, Wanda Barnes has brought federal and state claims against the County of Broome, Broome County Sheriff David Harder, BCCF Administrator Mark Smolinsky, John Does 1–4, nurses employed at the Broome County Sheriff's Department (collectively, the "County Defendants"), Correctional Medical Care, Inc. ("CMC"), CBH Medical P.C. ("CBH"), CMC President Emre Umar, CMC CEO Maria Carpio, and Mahmood Butt, a physician and Medical Director of BCCF who works for CBH (collectively, the "Corporate Defendants"). Id. ¶¶ 6–15.

      On October 22, 2020, the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, recommended that Plaintiff's action be dismissed with prejudice for failure to prosecute. See Dkt.

No. 71 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.   BACKGROUND

### A.   Factual Background

Plaintiff's factual allegations are detailed in the Report-Recommendation and the Court's August 2018 Memorandum-Decision and Order, familiarity with which is assumed. See R. & R. at 2–5; Dkt. No. 27 ("August 2018 Memorandum-Decision and Order") at 2–7.

### B.   Procedural Background

Plaintiff filed a complaint on December 29, 2017. Dkt. No. 1. County Defendants filed an answer on March 6, 2018. Dkt. No. 11. The Corporate Defendants filed a motion to dismiss, Dkt. No. 12, and Plaintiff cross-moved to amend her complaint. Dkt. No. 21. The Court issued a decision on the pending motions and permitted Plaintiff to file an amended complaint. See generally August 2018 Memorandum-Decision and Order. The County Defendants and the Corporate Defendants subsequently filed answers to the Amended Complaint. Dkt Nos. 28, 29, 31. The Court then issued a discovery order, Dkt. No. 37, and discovery ensued.

At a discovery status conference with the court on January 9, 2020, Plaintiff's counsel at the time reported that he was having difficulty communicating with Plaintiff. January 9, 2020 Text Minute Entry. Thereafter, the Court permitted Plaintiff's counsel to file a motion to withdraw as counsel, Dkt. No. 62, which was served on Plaintiff on May 1, 2020, and, out of an abundance of caution, served on the decedent's father on the same date. Dkt Nos. 65, 62-1 at 2. Plaintiff was given an opportunity to respond to the motion, Dkt. No. 67, however, no response was filed by her. On May 27, 2020, the Court granted the motion to withdraw and gave Plaintiff thirty days to

notify the Court of her new attorney or notify the Court that she intended to proceed pro se. Dkt. No. 69 ("May 2020 Order"). On July 8, 2020, the Court issued a text order that provided Plaintiff with one final opportunity to follow the directives previously issued by the Court. Dkt. No. 70 ("July 2020 Order"). In both the May 2020 Order and the July 2020 Order, the Court advised Plaintiff that failure to follow its directives would result in a recommendation that the case be dismissed with prejudice for failure to prosecute and failure to follow Court orders and directives. See generally May 2020 Order; July 2020 Order.

Now before the Court is a Report-Recommendation issued by the Honorable Thérèse Wiley Dancks, recommending dismissal of this action for failure to prosecute. R. & R. at 7. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### III.    STANDARD OF REVIEW

#### A.  The Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir.

2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**IV.    DISCUSSION**

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 71) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's action be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk enter judgment accordingly and close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    December 29, 2020
          Albany, New York

Lawrence E. Kahn
U.S. District Judge